## Karp v. Sun Insurance Office, Ltd., et al., (No. 1)

Before Aponick, Flannery and Lewis, JJ.

*David Yelen* and *Johnston & Pope*, for plaintiff.

*Farrell & Farrell*, for defendants.

FLANNERY, J., January 22, 1952.—This matter was heard on preliminary objections filed by defendants to the sufficiency of plaintiff's complaint.

On January 6, 1950, there was a collision between automobiles owned by Anthony Delmonte and plaintiff. Delmonte started suit against plaintiff, and thereafter plaintiff started suit against Delmonte. While plaintiff's suit was pending, his insurance carriers, defendants herein, settled the Delmonte suit. Thereafter, the court en banc held that plaintiff's claim was barred by the settlement in the earlier case.

Plaintiff now brings this action in trespass against defendants for depriving him of his claim against Delmonte. Defendants' preliminary objections, inter alia, consist of a motion to strike off, alleging (1) that the complaint fails to state a cause of action in trespass as disclosed by paragraph 4 of the complaint and, (2) that the complaint does not conform to Rule 1019(*h*) of the Pennsylvania Rules of Civil Procedure in that a copy of the insurance policy pleaded in paragraph 4 of the complaint is not attached thereto.

### Discussion

We feel that defendants' objections are well taken. The material allegations of the complaint follow:

"4. That on the 21st day of November, 1949, the defendants issued their joint policy . . . to the plaintiff . . . indemnifying the plaintiff against loss for bodily injury and property damage caused by the operator of the plaintiff's automobile."

"25. That by reason of the action of the defendants as hereinbefore set forth in settling the suit of the said James Delmonte and Anthony Delmonte against the plaintiff, Samuel Karp, said defendant failed to protect the rights of said Samuel Karp and unlawfully, improperly, and unjustly deprived the plaintiff herein of his right of action against the said James Delmonte both for injuries to himself and loss occasioned by injuries to his wife."

In form, plaintiff's action is in trespass. But paragraph 25 merely alleges that defendants by settlement of the Delmonte action thereby failed to protect plaintiff's rights. There is no allegation of fraud or bad faith, or any such conduct to plaintiff as would support liability. See Epstein v. Erie Indemnity Company, etc., 39 D. & C. 117, affirmed per curiam, 340 Pa. 417; 8 Appleman, Insurance Law and Practice, sec. 4681-4711; A. L. R. Annotations at 21 A. L. R. 761; 79

A. L. R. 1116, and 142 A. L. R. 799. Whatever claim plaintiff may have against defendants must spring from the contract of insurance referred to in paragraph 4 of the complaint, either from a failure to perform in accordance with contract terms or negligence in connection with performance under the contract.

Pennsylvania Rule of Civil Procedure 1019(h), provides:

"A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing."

Plaintiff argues that his action is not on the policy and not in contract and, therefore, he is not obligated to attach a copy of his insurance contract to his pleading. If he has a claim for relief it must arise out of the contractual relationship. Plaintiff selected as his form trespass, but he alleges no bad faith or negligence, which he must do to bring his action within the form. On the other hand, if his cause of action lies properly on the contract in assumpsit he must comply with rule 1019(h), supra. We still recognize the essential distinctions which exist between negligence actions and contract actions in this State: Loch et ux., v. Confair et ux., 361 Pa. 158.

Since we are of the opinion that plaintiff's complaint fails to state a cause of action in trespass, it becomes unnecessary to consider defendants' other objections.

Therefore, now, January 22, 1952, at 2 p.m., objection 1 is sustained, and plaintiff is directed to file an amended complaint within 20 days from the date hereof.